FILED
SUPERIOR COURT
OF GUAM

2014 MAR 21  PM 1:21



## IN THE SUPERIOR COURT OF GUAM

LEONARDO M. RAPADAS, Attorney General of Guam,

      Plaintiff,

vs.

JOHN P. CAMACHO, Director, Guam Department of Revenue and Taxation; EDDIE BAZA CALVO, Governor of Guam; ATLAS AMUSEMENT ENTERPRISES, INC.; DARRYL R. STYLES d/b/a D&D GAMES; GUAM MUSIC, INC., and DOES 1-10,

      Defendants.

_____

DARRYL R. STYLES d/b/a D&D GAMES,

      Cross-Claimant,

vs.

GOVERNMENT OF GUAM,

      Cross-Defendant.

_____

PACIFIC AMUSEMENT, INC.,

      Intervenor Cross-Claimant,

vs.

JOHN P. CAMACHO, Director, Guam Department of Revenue and Taxation,

      Cross-Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 0780-13

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas for hearing on February 17, 2014 on the Motion to Dismiss and Motion to Disqualify filed by Defendant John P. Camacho, Director of the Guam Department of Revenue and Taxation (Defendant DRT), and Defendant Governor Eddie Baza Calvo (Defendant Governor and, collectively, GovGuam Defendants) and joined in part by Defendant Atlas Amusement Enterprises, Inc. (Defendant Atlas). Deputy Attorney General J. Patrick Mason represents Plaintiff Attorney General of Guam (Attorney General), Attorney Sandra C. Miller represents the GovGuam Defendants, Attorney Seth Forman represents Defendant Atlas, Attorney Curtis C. Van de veld represents Defendant Darryl R. Styles d/b/a D&D Games (Defendant Styles), and Attorney Daniel J. Berman represents Intervenor Defendant and Cross-Claimant Pacific Amusement, Inc. (Defendant Pacific). For the reasons set forth below, the Court is without subject matter jurisdiction to entertain the Attorney General's First Amended Complaint and the Attorney General's claim for declaratory relief accordingly is dismissed without prejudice.

## BACKGROUND

This case concerns the regulation and licensure of certain gaming or gambling machines on Guam. In short, the parties disagree about the proper interpretation of the applicable statutes and regulations. The parties accordingly dispute whether, when, and how such gaming or gambling machines may be licensed.

On August 15, 2013 the Attorney General filed its First Amended Complaint for Declaratory Judgment against the above-captioned Defendants. Pursuant to the statute providing for declaratory relief in civil actions, 7 GCA § 26801, and Rule 57 of the Guam Rules of Civil Procedure, the Attorney General seeks declarations that a regulation, 3 GARR § 7114(a)(5), is "void and lack[s] any force and effect" and that "electronic gaming device licenses" issued pursuant to this regulation and PL 32-060, as codified at 11 GCA § 5205, "are void and must be immediately revoked." The Attorney General similarly contends that PL 32-060, as codified at 11 GCA § 5205, "did not make [3 GARR § 7114(a)(5)] valid and that Guam law continues to prohibit the licensing of electronic gaming devices[.]"

On September 11, 2013, Defendant Styles filed his Cross-Claim against "the government of Guam, through" Defendant DRT, in which he seeks declaratory relief concerning the requirement, found in 22 GCA § 39110 and 3 GARR § 7114(a)(5), "that

2

[gaming] machines had to be on Guam prior to August 1, 2001[.]" Defendant Styles contends that the statutory limitation on Defendant DRT's authority to issue licenses to operate gaming machines "based on the date of arrival of the [gaming] machine on Guam denies to [Defendant Styles] his right to equal protection and due process of law contrary to the United States' Constitution and the Organic Act of Guam[.]"

On November 4, 2013, the GovGuam Defendants filed their Motion to Dismiss. Pursuant to Rule 12(b)(1) of the Guam Rules of Civil Procedure, the GovGuam Defendants argue that the Court lacks subject matter jurisdiction because the Attorney General failed to exhaust its administrative remedies available under the Administrative Adjudication Law (AAL), 5 GCA § 9309, in that the Attorney General failed to seek a declaration from Defendant DRT before commencing the instant action. The GovGuam Defendants also argue that dismissal is appropriate pursuant to Rule 12(b)(6) because the Attorney General fails to state a claim upon which relief may be granted. The GovGuam Defendants further contend that the professional duty of loyalty set forth in Rules 1.7 and 1.9 of the Guam Rules of Professional Conduct requires disqualification of the entire Attorney General's Office from this matter. On November 5, 2013, Defendant Atlas filed its Joinder in Motion to Dismiss in which it joined the GovGuam Defendants' arguments as to Rules 12(b)(1) and 12(b)(6).

On December 2, 2013, the Attorney General filed its Opposition to the GovGuam Defendants' Motion to Dismiss in which it argues that administrative exhaustion is inapplicable because 7 GCA § 26801 provides an independent avenue for declaratory relief and that its First Amended Complaint presents a valid claim for declaratory relief. The Attorney General also maintains that there is no conflict of interest that warrants disqualification. On December 16, 2013, the GovGuam Defendants filed their Reply.

On January 21, 2014, the matter was assigned to this Court pursuant to 7 GCA § 4103.

On February 7, 2014, the Court granted the Motion to Intervene filed by Defendant Pacific on October 17, 2013. On February 12, 2014, Defendant Pacific filed its Cross-Claim against Defendant DRT. Defendant Pacific foremost requests that the Court dismiss the Attorney General's action, without prejudice, for lack of jurisdiction pursuant to the AAL, 5 GCA § 9308, so that the Attorney General may seek a declaratory ruling from Defendant DRT. Defendant Pacific, however, also requests certain relief "[i]n the event the Court does not dismiss the action." Specifically, Defendant Pacific requests a declaration "that the regulation

published at 3 GAR[R] § 7114 is unlawful and unconstitutional [and requests] an order enjoining the application of the said regulation and voiding all licenses issued pursuant thereto[.]" Defendant Pacific further seeks an injunction requiring Defendant DRT "to promulgate, in conformance with procedures required by law, a new regulation pursuant to Public Law 26-52, Section 4, regulating gaming activity on Guam, including gaming activities that were authorized and licensed on Guam as of August 1, 2001[.]" Defendant Pacific also presents equal protection and due process claims, for which it seeks "compensatory, incidental, and consequential damages[.]"

On February 17, 2014, the Court heard oral argument on the disqualification argument presented in the GovGuam Defendants' Motion to Dismiss. The Court took the matter under advisement, and now issues its Decision and Order.

## DISCUSSION

At the outset, the Court is constrained to recognize that, pursuant to Rule 12(h)(3) of the Guam Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Guam Rule 12(h)(3) derives from Federal Rule 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is apparent from the plain language of each rule that dismissal is mandatory if the Court determines that it lacks subject matter jurisdiction.

Where a statute requires exhaustion of administrative remedies, a party's failure to do so deprives this Court of subject matter jurisdiction. Carlson v. Perez, 2007 Guam 6, ¶¶ 66, 69; Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007). Defendant DRT is an agency within the purview of the AAL, 5 GCA § 9102, which defines an agency as "any board, commission, department, division, bureau or officer of the territory of Guam authorized by law to make rules or adjudicate contested cases." See also 11 GCA § 1103 (The DRT "shall also be the government agency generally responsible for licensing and registration as well as allied and connected enforcement functions."). Moreover, Defendant DRT, along with the Cockpit License Board, is "authorized to promulgate necessary rules and regulations to create a comprehensive regulatory scheme to regulate all gaming activities on Guam[.]" 22 GCA § 39110. Considering that the Attorney General, Defendant Styles, and Defendant Pacific each present claims for declaratory relief in relation to Defendant DRT's regulation and licensure of

gaming activities on Guam and that hypothetical substitute counsel for the Attorney General cannot pursue a claim over which the Court lacks jurisdiction, the Court first will consider subject matter jurisdiction.

Pursuant to its authority under 22 GCA § 39110, Defendant DRT promulgated 3 GARR § 7114, which provides, in pertinent part:

> (a) The following are the only limited gaming activities authorized in Guam under this Act:
>
> (5) Electronic gaming devices that have been registered, or were at any time previously registered, by the Department of Revenue and Taxation pursuant to 11 Guam Code Annotated, Chapter 22, Article 2, prior to August 1st 2001. Any electronic gaming devices previously registered with the Department may be replaced by new electronic gaming devices which are approximately similar to the old electronic gaming devices being replaced provided all old electronic gaming devices being replaced are disposed of or stored pursuant to rules and regulations issued by the Commission.

The Attorney General seeks:

> a. A declaration that the gaming regulations in 3 GARR § 7114(a)(5) are void and lack any force and effect;
>
> b. A declaration that the enactment of PL 32-060 [codified at 11 GCA § 5205] did not make the gaming regulations valid and that Guam law continues to prohibit the licensing of electronic gaming devices;
>
> c. A declaration that the electronic gaming device licenses issued pursuant to 3 GARR § 7114(a)(5) or PL 32-060 [codified at 11 GCA § 5205] or both are void and must be immediately revoked and that no new licenses shall be issued[.]

The Attorney General asserts that "Guam law unequivocally prohibits [Defendant] DRT from licensing gambling devices" and "[t]here is an explicit conflict between the regulation and the law, because the regulation states that certain gambling devices are authorized and may be licensed on Guam, while the law prohibits the licensing of gambling devices." The Attorney General further asserts that, in violation of the AAL, §§ 9301, 9303, "[n]either a record of a public hearing nor an economic impact statement was submitted to the Legislature with [Defendant] DRT's proposed regulations governing gaming devices."

The Attorney General brought suit pursuant to the statute providing for declaratory relief in civil actions, 7 GCA § 26801, which provides, in pertinent part:

> Any person interested under a deed, will, or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over, or upon property, or with respect to the location of the natural channel of a water course, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the court having jurisdiction for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract.

The Attorney General maintains that 7 GCA § 26801 vests this Court with subject matter jurisdiction, without respect to the declaratory judgment provision of the AAL, 5 GCA § 9309, while the GovGuam Defendants insist that the AAL sets forth mandatory procedures of which the Attorney General failed to avail itself. Section 9309 of the AAL provides:

> (a) The validity of any rule may be determined upon petition for a declaratory judgment thereon addressed to the Superior Court of Guam, when it appears that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair the legal rights or privileges of the petitioner. The agency shall be made a party to the proceeding. The declaratory judgment may be rendered only after the petitioner has first requested the agency to pass upon the validity of the rule in question and the agency has so ruled or has failed to rule within ninety (90) days.

The AAL defines a rule as any rule or regulation "designed to have or having the effect of law or interpreting, supplementing or implementing any law enforced or administered by it[.]" 5 GCA § 9107.

The factual allegations and relief requested in the Attorney General's First Amended Complaint explicitly implicate the validity of the regulation as well as Defendant DRT's interpretation and implementation of laws governing gaming or gambling devices. The alleged illegal issuance of licenses likewise implicates the Attorney General's legal rights and privileges because the Attorney General is tasked with broad civil and criminal enforcement duties, including "protecting the rights and properties of the government of Guam" and commencing proceedings to determine "the validity of any law, rule or regulation of the government of Guam[.]" 5 GCA § 30109. It is undisputed that the Attorney General seeks review only via 7 GCA § 26801, and that no party "requested the agency to pass upon the validity of the rule in

question" per the AAL, 5 GCA § 9309. The remaining question, therefore, is whether the Attorney General's failure first to seek a ruling from Defendant DRT pursuant to the AAL deprives this Court of subject matter jurisdiction notwithstanding the second declaratory judgment statute.

Statutory interpretation is a legal question and the inquiry always begins with the language of the statute. Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27, ¶ 17 (citing Guerrero v. Santo Thomas, 2010 Guam 11, ¶ 8). Absent clear legislative intent to the contrary, a statute's plain meaning prevails. Sumitomo Constr. Co. v. Gov't of Guam, 2001 Guam 23, ¶ 17. Section 9309(a) of the AAL plainly provides that this Court may render declaratory judgment "only after the petitioner has first requested the agency to pass upon the validity of the rule in question and the agency has so ruled or has failed to rule within ninety (90) days." Similarly, 7 GCA § 26801 provides an avenue for declaratory relief for any person "who desires a declaration of his rights or duties with respect to another."

However, "notwithstanding the deference due the plain-meaning of statutory language, such language need not be followed where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." Sumitomo, 2001 Guam 23, ¶ 17 (citations and quotations omitted); see also Benavente v. Taitano, 2006 Guam 15, ¶ 36 (in the context of elections, endorsing maxim that "no single statutory provision would be construed in such a way as to render meaningless or absurd [any] other statutory provision") (quotations omitted). Moreover, a statute's meaning must be determined "'by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" Guerrero v. Santo Thomas, 2010 Guam 11, ¶ 12 (quoting Aguon v. Gutierrez, 2002 Guam 14, ¶ 6).

By its terms, the AAL sets forth a statutory scheme applicable to agency adjudication, rule-making, and appeals within the agency as well as to the Superior Court. The AAL clearly applies to a distinct type of case and restricts Superior Court jurisdiction with respect thereto. To conclude that 7 GCA § 26801 allows circumvention of the declaratory judgment provisions of the AAL would be to render the plain language of the AAL meaningless. Moreover, the Court is mindful that "[i]t is axiomatic that in interpreting a statute courts are to look to legislative intent in an effort to harmonize conflicting provisions." Bank of Guam v. Reidy, 2001 Guam 14, ¶ 21 (citations omitted). The language of 7 GCA § 26801 broadly vests this

Court with jurisdiction over actions for declaratory relief, but the Court declines to construe the statute so broadly as to render the AAL a nullity. The Court discerns no indication that the Legislature intended such a conflicting construction. Indeed, "[a]bsurdity may result when the legislature drafts a statute using language that is broader and more sweeping than that which the legislature intended." Sumitomo, 2001 Guam 23, ¶ 17. Simply put, the Attorney General impermissibly attempted to sidestep formal agency review of the disputed regulation by proceeding directly to this Court with its request for declaratory relief.

Because the Attorney General failed to exhaust its administrative remedies by failing to request Defendant DRT to pass on the validity of 3 GARR § 7114(a)(5), this Court lacks subject matter jurisdiction. See Carlson v. Perez, 2007 Guam 6, ¶¶ 66, 69 ("the aggrieved party must follow [the] specified procedures" for judicial review of agency action). The Ninth Circuit has likewise found the failure to exhaust administrative remedies to be a bar to subject matter jurisdiction where the applicable statute "explicitly limits the grant of subject matter jurisdiction and is an integral part of the statute granting jurisdiction." McBride Cotton & Cattle Corp. v. Veneman, 290 F.3d 973, 979 (9th Cir. 2002) (citing Henderson v. Bank of New England, 986 F.2d 319 (9th Cir. 1993)). Here, the AAL plainly authorizes jurisdiction in this Court "only" where the petitioner has first requested the agency to pass upon the validity of the rule in question. Even if this language were not restrictive, it is prudent to require administrative exhaustion so that the agency may "generate a proper record and reach a proper decision" on the long-contested issue of the legality of gaming or gambling devices on Guam. See Puga, 488 F.3d at 815 (citing Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). Prudential exhaustion also militates against "the deliberate bypass of the administrative scheme." Id.

Although Defendant Pacific requested relief only "[i]n the event the Court does not dismiss the action," the Court notes that, for the reasons set forth above, it also lacks subject matter jurisdiction over Defendant Pacific's declaratory claim regarding 3 GARR § 7114. Specifically, Defendant Pacific failed to seek review first from Defendant DRT before seeking in this Court a declaration "that the regulation published at 3 GAR[R] § 7114 is unlawful and unconstitutional [and requesting] an order enjoining the application of the said regulation and voiding all licenses issued pursuant thereto[.]"

8

Finally, because the Court lacks subject matter jurisdiction over the Attorney General's claim for declaratory relief, the Court need not reach the question of whether the Attorney General should be disqualified from the case.

## CONCLUSION

In light of the foregoing, the Attorney General's First Amended Complaint is dismissed without prejudice for lack of subject matter jurisdiction. The Cross-Claim filed by Defendant Pacific against Defendant DRT is also dismissed without prejudice because Defendant Pacific requested relief only "[i]n the event the Court does not dismiss the action" and, regardless, the Court lacks subject matter jurisdiction over Defendant Pacific's claim for declaratory relief in relation to 3 GARR § 7114.

SO ORDERED this MAR 2 1 2014 day of March, 2014.

HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy the original hereto was placed in the court box of: AG–CIVIL, SANDRA MILLER, D. BERMAN SETH FORMAN, VANDEVELD, CUNLIFFE

Date: 3/21/14  Time: 1:30pm  & DMR

Deputy Clerk, Superior Court of Guam

9